UNITED STATES v. GENERAL INSPECTION & LOADING CO.

(District Court, D. New Jersey.   March 15, 1913.)

INTERNAL REVENUE (§ 9*)—SPECIAL CORPORATION TAX—PENALTY FOR NON-PAYMENT—NOTICE.

Under Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), imposing a special excise tax on corporations, the notice of the assessment required to be given to the corporation by subdivision 5 may lawfully be given by mail, and a notice so sent by the collector in a franked envelope bearing a return card, addressed to the corporation at the place of its principal office, and not returned, was presumptively received, and the burden rests on the corporation to prove to the contrary, to avoid the penalty for nonpayment within the time prescribed.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13-28; Dec. Dig. § 9.*]

Action by the United States against the General Inspection & Loading Company.   Trial to the court.   Judgment for plaintiff.

For prior opinion, see 192 Fed. 223.

H. P. Lindabury, U. S. Dist. Atty., of Newark, N. J.

Edward Q. Keasbey, of Newark, N. J., for defendant.

CROSS, District Judge.   This cause came before the court in the first instance on demurrers filed on behalf of the government to certain special pleas interposed by the defendant in addition to the general issue.   The demurrers were sustained, and, no additional or amended pleas having been filed, the plea of the general issue alone remains. The case has been brought to trial before the court without a jury, a jury having been waived, upon a statement of facts agreed upon by the attorneys of the respective parties.

With the exception of one point, nothing need be added by the court at this time, to what was said in sustaining the demurrers.   The additional point now raised is whether or not the penalties for nonpayment of the tax provided by the fifth subdivision of section 38 of the act in question can, under the facts, rightfully be imposed in this case.   The subdivision referred to provides that:

"All assessments shall be made and the several corporations, joint stock companies or associations, or insurance companies, shall be notified of the amount for which they are respectively liable on or before the first day of June of each successive year, and said assessments shall be paid on or before the thirtieth day of June, * * * and to any sum or sums due and unpaid after the thirtieth day of June in any year, and for ten days after notice and demand thereof by the collector, there shall be added the sum of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due."

The statement of facts, so far as it relates to the notices given to and demands made upon the defendant in respect of the taxes in question, is as follows:

"That the Commissioner of Internal Revenue, on May 11, 1910, made an assessment of $1,731.75 against said defendant upon said return, being an

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

204 F.—42

assessment of 1 per cent. of the net income of $173,174.66, as shown by said return, and on May 19, 1910, sent by mail a notice of such assessment and demand for payment thereof, addressed to the defendant at the place of the principal office of said defendant in Newark, N. J., at the time of dissolution, which said notice was received by the person who was at the time of its dissolution the agent in charge of the principal office of said defendant; that on the 30th day of June, 1910, a second notice of said assessment and demand for payment thereof, contained in a franked envelope addressed to the said defendant at the place of its principal office at the time of its dissolution in Newark, N. J., and bearing the return address of the said collector, was mailed in the post office at Newark, N. J., by the collector of internal revenue for the fifth district of New Jersey, which notice contained a statement that, unless payment of said tax so assessed should be made within 10 days thereafter, a penalty of 5 per cent. would attach, and interest at the rate of 1 per cent. per month from the expiration of said 10 days. The person who was the agent in charge of the principal office of said defendant at the time of its said dissolution has no record nor recollection of the receipt of this notice, and it has not been returned to the said collector by the Post Office Department."

The provision of the statute concerning the imposition of penalties for nonpayment of the tax is given above. The debatable question is whether the notice, as given by the collector on June 30, 1910, was an adequate and sufficient compliance with the law to warrant their exaction. The notice itself complied with the terms of the statute. It was, however, not served personally, but by mail, in a franked envelope addressed to the defendant at the place of its principal office at the time of its dissolution, which envelope bore thereon the return address of the collector. The envelope and contents were never returned to the collector by the Post Office Department, and the agent in charge of the principal office of the defendant, at the time of its dissolution, has no record or recollection of the receipt of said notice. The well-settled presumption is that the letter was received. Rosenthal v. Walker, 111 U. S. 185, 193, 4 Sup. Ct. 382, 28 L. Ed. 395. See, also, the large number of cases therein cited. The presumption thus arising is not overcome by anything appearing in the statement of facts. The receipt of the notice is not denied. That its receipt was not made a matter of record by the defendant's former agent, or that he had no recollection of its receipt, are insufficient to overcome the presumption, and particularly must this be so when, as in this case, the envelope bore a return notice to the collector, but was never returned.

Furthermore, the third paragraph of the eighth subdivision of section 38 of the act under which the tax was imposed is as follows:

"All laws relating to the collection, remission, and refund of internal revenue taxes, so far as applicable to and not inconsistent with the provisions of this section, are hereby extended and made applicable to the tax imposed by this section."

Section 3184 of the Revised Statutes (U. S. Comp. St. 1901, p. 2072), relating to the notice and demand pertinent to the collection of internal revenue taxes, permits notice to be given to the person liable therefor, by leaving the same at his dwelling or usual place of business, or by sending the same by mail. In the absence of any prescribed method of giving the notice now in question, this section is applicable.

Counsel for the defendant contends, however, that notice to the

statutory agent, in view of the fact that the corporation had previously been dissolved, was insufficient and nugatory. His position, however, rests upon a misconception of the facts. The notice was addressed to the *defendant at the place of its principal office* at the time of its dissolution. This was sufficient, particularly as there is an uncontradicted and consequently prevailing presumption that it was received. As neither the tax nor any part of it has been paid, judgment will be entered in favor of the plaintiff, and against the defendant, as follows:

| | |
|---|---:|
| Amount of tax | $1,731.75 |
| 5 per cent. penalty | 86.59 |
| Interest from July 11, 1910, to March 11, 1912, 20 months, at 1 per. cent. per month | 346.35 |
| | $2,164.69 |

—besides costs of suit to be taxed.